IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FILED BY _____ D.C.

05 MAY 31 PM 3: 02

ROBERT R. DI TROLIO
CLERK, U.S. DIST CT.
W. D. OF TN JACKSON

FELISHA HINSON

    Plaintiff,

vs.                        Civil Action No. 1:04-1323-T/An

WAL-MART STORES, INC.,
ET AL

    Defendants.

---

ORDER SETTING CASE FOR TRIAL

---

    This is to notify you that this case is set for **JURY TRIAL** on **MONDAY, APRIL 3, 2006, at 9:30 a.m.** in the Federal Courtroom, Room 432 Fourth Floor, U. S. Courthouse, in Jackson, TN. A joint pre-trial order must be submitted to the court by **FRIDAY, MARCH 24, 2006.** All <u>discovery</u> must be completed before that date.

    Counsel, and any party proceeding <u>pro se</u>, MUST confer and attempt to prepare a joint pre-trial order which covers the items set forth below. If a joint pre-trial order cannot be agreed upon, the attorneys must notify the court at least 10 days prior to trial that a pre-trial conference may be necessary. In addition to notifying the court, the attorney for each party or a party proceeding <u>pro se</u> must submit a draft of a pre-trial order that considers the following matters:

    1. any jurisdictional questions, and the proper ruling thereon;
    2. any questions raised by pending motions, and the proper ruling thereon;
    3. the respective contentions of the parties, including the contentions of the parties with regard to the nature and amounts of damages;
    4. specific facts that may be stipulated (possible sources of these agreed facts are the pleadings, discovery, or admission of counsel);
    5. contested issues of fact;

6. contested issues of law;
7. exhibits (except documents for impeachment only) to be offered in evidence by the parties, and to the extent possible, a stipulation as to admissibility;
8. witnesses for the parties - indicate those who will be called in the absence of reasonable notice to opposing counsel to the contrary and those who may be called as a possibility only.

Counsel, and any party proceeding pro se, are also directed to confer and exchange information as to the ultimate issues of law and fact, eliminating unnecessary or irrelevant issues that may appear in the pleadings or discovery, offered in evidence at the trial.

In the event a pre-trial conference is necessary those who will try the case will be generally familiar with pre-trial procedures and come to a pre-trial conference with full authority to accomplish the purpose of the conference, which is to simplify and define the triable issues, expedite the trial, and save expense. At the time of the conference, counsel and any party proceeding pro se will report to the court the prospects of settlement as well as estimates of the length of time it will take to try the case. For a discussion of pre-trial conferences and a modified form for a pre-trial order, see Hon. A. Sherman Christenson, When Is A Pre-Trial Conference A "Pre-Trial Conference"?, 23 F.R.D. 129 (1958) (paper presented before Pre-Trial Committee of the Tenth Circuit); see also Fed. R. Civ. P. 16.

IF AN ATTORNEY OR A PARTY PROCEEDING PRO SE FAILS TO APPEAR AT THE PRE-TRIAL CONFERENCE OR FAILS TO COMPLY WITH THE DIRECTIONS SET FORTH HEREIN, AN EX PARTE HEARING MAY BE HELD AND/OR JUDGMENT OF DISMISSAL OR DEFAULT OR OTHER APPROPRIATE JUDGMENT ENTERED.

IT IS SO ORDERED.

ENTERED AS DIRECTED,
ROBERT R. DI TROLIO, CLERK

BY: *Evelyn Cheairs*
Deputy Clerk

DATE: 5/31/05

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 6 in case 1:04-CV-01323 was distributed by fax, mail, or direct printing on May 31, 2005 to the parties listed.

---

Jeffrey L. Lay
FARMER JONES HAMILTON & LAY
P.O. Box 763
Dyersburg, TN 38025--076

Clinton J. Simpson
BAKER DONELSON BEARMAN & CALDWELL
20th Floor
165 Madison Avenue
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT